FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 0 7 2010 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

.N.Y.

| | |
|---|---|
| Christopher Gorga, | ᴐE |
| Plaintiff, | Civil Action No.: _____ |
| v. | **10    2622** |
| Bureau of Collection Recovery, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendant. | AMON. J.    GOLD, M.J. |

For this Complaint, the Plaintiff, Christopher Gorga, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Christopher Gorga ("Plaintiff"), is an adult individual residing in Staten Island, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Bureau of Collection Recovery, Inc. ("BCR"), is a Minnesota business

1

entity with an address of 7575 Corporate Way, Eden Prairie, Minnesota 55344, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by BCR and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     BCR at all times acted by and through one or more of the Collectors.

### ALLEGATIONS APPLICABLE TO ALL COUNTS

#### A. The Debt

8.     The Plaintiff incurred a financial obligation in the approximate amount of $4,500.00 (the "Debt") to Washington Mutual (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to BCR for collection, or BCR was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

#### B. BCR Engages in Harassment and Abusive Tactics

12.     The Debt was acquired by Chase Bank when Chase Bank acquired Washington Mutual.

13.     Chase transferred the account to BCR for collection.

14.     The Plaintiff entered a settlement agreement with BCR, on behalf of Chase Bank,

2

to pay $676.00 for four months.

15.     During the settlement payback period, the Plaintiff changed bank accounts.  He informed BCR of the account change.

16.     BCR failed to withdraw one payment from the Plaintiff's new bank account.

17.     Chase Bank then started to contact the Plaintiff stating he had not abided by the settlement agreement and needed to make another payment.

18.     The Plaintiff contacted BCR who assured him that all payments had been made and his account was settled, and told him to "ignore Chase."

19.     Now, Chase Bank is attempting to collect $1,600.00 from the Plaintiff because of the missed payment.

20.     The Plaintiff has contacted BCR to find out why he owes this amount to Chase Bank, but BCR will not return the Plaintiff's calls.

## C.  **Plaintiff Suffered Actual Damages**

21.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692,** *et seq.*

3

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692f(5) in that Defendants caused charges to be made to the Plaintiff.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

32.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

33.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

34.     All acts of the Defendants and the Collectors complained of herein were

4

committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT III
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

35.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

36.    The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

37.    The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL § 349.

38.    The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

39.    By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## COUNT IV
## COMMON LAW FRAUD

40.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.    The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of New York.

5

42.    The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.    Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.    Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.    Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4.    Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5.    Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6.    Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

7.    Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 25, 2010

Respectfully submitted,

By_____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiff

7